IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **GAYLON DUANE JOHNSON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 13-cv-3509-RWT |
| | * | |
| **RICHARD SARLES, *et al.,*** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

On November 21, 2013, Plaintiff Gaylon Duane Johnson ("Johnson") filed a complaint

alleging that the Washington Metropolitan Area Transit Authority ("WMATA") terminated his

employment following an improperly administered alcohol test.  ECF No. 1.  Defendants have

moved to dismiss the Complaint.  ECF Nos. 5, 6, and 7.[1]  Because Johnson has failed to state a

claim for relief, and for the reasons stated below, Defendants' Motions will be granted, and

Johnson's Complaint will be dismissed.

## BACKGROUND

On September 16, 2013, Johnson, then an employee of WMATA, was required by

WMATA to submit to a drug and alcohol test.  ECF No. 1 at 4.  Before administering the test, the

collector, Irene Farmer ("Farmer"), asked whether Johnson had eaten anything.  *Id.*  Johnson

responded that he had "just took some gum out of my mouth in the waiting area.  I was chewing

on the way to the test site."  *Id.*  Farmer administered the test, which showed Johnson had a

blood alcohol level of .021.  *Id.*  Farmer administered a confirmation test fifteen minutes later,

---

[1] Each of the Defendants separately filed and had docketed a separate  Motion to Dismiss and Reply, even though the substance of each is identical.  In the body of the opinion, the Court will only cite to the first docket number of each of the Motions and Replies.

with identical results. *Id.* Because it was his second violation of WMATA's Substance Abuse Policy within 3 years, Johnson was automatically terminated. *Id.* at 6.

In his Complaint, Johnson lists the "alleged violator" as Irene Farmer, and the "Respondent" as Richard Sarles. *Id.* In the Civil Cover Sheet accompanying his Complaint, Johnson names as defendants Richard Sarles, Catherine Ziegler, and Amy-Celeste Quillen. ECF No. 1-1. There is no allegation in the Complaint that any of the Defendants participated in the conduct leading to Johnson's positive test or subsequent termination. Johnson does not name Farmer, the individual whose alleged wrongful conduct actually led to Johnson's termination, or WMATA, his former employer, as defendants.

On February 27, 2014, Defendants filed a Motion to Dismiss for failure to state a claim. ECF No. 5. Defendants argued that the Complaint should be dismissed because the named individual Defendants are immune from suit, because none of the alleged facts give rise to liability on the part of any of the named Defendants, and because the Complaint fails to state a claim upon which relief can be granted. *Id.* at 1, 8. Johnson filed a Response on March 6, 2014. ECF No. 9. His Response did not meaningfully address Defendants' arguments. Rather, it cited a number of statutes and regulations without any clear explanation as to how they entitled Johnson to relief, or how they were responsive to Defendants' arguments. *Id.* Johnson also attempted to explain why he had named the individual Defendants, but failed to coherently allege any conduct by the named Defendants that could give rise to liability. *Id.* Defendants filed Replies on March 18, 2014, restating the grounds of their original Motions and arguing that Johnson had failed to address those grounds. ECF No. 10.

On March 28, 2014, Johnson filed a Surreply[2] which, again, did not address the arguments raised in Defendants' Motions, but rather accused Defendants of acting to "delay or embarrass" Johnson and of "practicing a malice in fact." ECF No. 13. Finally, on July 25, 2014, Johnson filed a "Motion to Grant Relief," which made substantially the same allegations as his Complaint. ECF No. 15.[3]

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)). However, the Court is mindful that a *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's

---

[2] The Court did not order or permit Johnson to file a surreply. *See* Local Rule 105.2a ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").

[3] On May 1, 2014, Johnson sent a letter to the Court, but that letter contained nothing of significance to this case. ECF No. 14.

complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## ANALYSIS

### I.      The Named Defendants' Conduct Does Not Give Rise to Liability

Johnson's Complaint fails to allege any action on the part of any of the individually named Defendants that, if true, could give rise to their liability.  As noted above, the individual whose alleged conduct actually led to Johnson's termination is Farmer, who is not named as a defendant.   Further, it is WMATA's policy that led to Johnson's automatic termination, but WMATA is also not named as a defendant.

The Court is unable to glean from Johnson's Complaint any theory that would make Defendants liable to Johnson.  The conduct leading Johnson to name Richard Sarles in the Complaint appears to be his being General Manager and CEO of WMATA.  ECF No. 9 at 1 ("The Plaintiff delivered through a 'Affidavit of Notary Presentment' to the Head of the Agency defendant Richard Sarles…All correspondence were addressed to the Head of the Agency defendant Richard Sarles 'to appeal to the head of agency any adverse determinations.").  The conduct leading Johnson to name Amy-Celeste Quillen in the Complaint appears to be her having sent Johnson a letter stating WMATA's position on the outcome of his alcohol test.  *Id.* at 2 ("The Plaintiff received a letter dated October 3, 2013 from Amy-Celeste Quillen.  The Plaintiff did not initiate the communication so Ms. Amy Celeste Quillen was indeed acting as a 'member of the body comprising the agency' or and a 'officer designated by the head of the agency.'").  The conduct leading Johnson to name Catherine Zeigler in the Complaint appears to be her having signed for the correspondence Johnson sent to Richard Sarles.  ECF No. 1 at 17.

Nowhere in Johnson's Complaint does he allege that any of the named defendants participated in, directed, or could otherwise be held legally responsible for the conduct he complains of.  He has cited no authority that would cause any of the Defendants to be legally responsible in their individual capacities for the conduct of Farmer or WMATA in this case.  *See* Md. Code Ann., Transp. § 10-204(80) ("The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable [i.e. those arising from the conduct of a proprietary function] shall be by suit *against the Authority*.") (emphasis added).

## II.    The Complaint Fails to State a Claim

Even if Johnson had named as defendants the parties whose conduct caused him harm, dismissal of the Complaint would still be warranted, as the Complaint fails to state a claim for relief.  The facts alleged in the Complaint are that Johnson was chewing gum prior to the administration of an alcohol test, leading to a false positive result.  Johnson appears to believe that he is entitled to relief under these facts because the Department of Transportation's drug testing regulations, 49 C.F.R. 40.1, *et seq.*, supposedly provide that a test conducted under these circumstances triggers certain actions on the part of the collector, and require that the test be cancelled.

Even assuming the plausibility of discarded chewing gum resulting in two false positive tests, taken fifteen minutes apart, and even assuming the regulations Johnson cites were violated, no private right of action exists for a violation of the Department of Transportation's drug testing regulations.  *See Hall v. United Labs, Inc.*, 31 F. Supp. 2d 1039, 1042 (N.D. Ohio 1998) (concluding that no private right of action exists under Department of Transportation drug testing regulations).  Johnson has asserted no other legal basis that would entitle him to relief for the

conduct alleged.  Accordingly, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF Nos. 5, 6 and 7] and dismiss the Complaint with prejudice.  [ECF No. 1].  A separate Order follows.


Date: September 12, 2014                                              /s/
                                                          ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE